NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 04a0020n.06
Filed: October 12, 2004
Case No. 02-3962

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| CATHY I. ANTHONY, | ) | |
| | ) | |
| Plaintiff-Appellant, | ) | |
| | ) | ON APPEAL FROM THE |
| v. | ) | UNITED STATES DISTRICT |
| | ) | COURT, NORTHERN DISTRICT |
| UNITED TELEPHONE COMPANY, | ) | OF OHIO |
| OF OHIO (aka SPRINT), | ) | |
| | ) | |
| Defendant-Appellee. | ) | ) |
| | ) | |

---

BEFORE: BATCHELDER and GIBBONS, Circuit Judges; BEER[*], District Judge.

ALICE M. BATCHELDER, Circuit Judge. Cathy Anthony appeals the order of the district court granting summary judgment to United Telephone Co. of Ohio ("Sprint") on Anthony's claims that Sprint violated the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101 et seq. ("ADA") and the Family and Medical Leave Act, 29 U.S.C. § 2601 et seq. ("FMLA").[1] The matter was initially heard by a magistrate judge who issued a report and recommendation finding that summary judgment should be granted to Sprint on Anthony's ADA claims because Anthony had failed to present evidence that she requested an accommodation and failed to present either direct evidence of discrimination under the ADA or circumstantial evidence sufficient to establish a prima

---

[*]The Honorable Peter Beer, United States District Judge for the Eastern District of Louisiana, sitting by designation.

[1]Although the complaint contained numerous other claims, they have all either been dismissed voluntarily or abandoned on appeal.

facie case of such discrimination. The magistrate judge recommended that summary judgment be granted to Sprint on the FMLA claims because Anthony had failed to present evidence sufficient to establish a prima facie case of discrimination, and, even if such evidence had been presented, Anthony presented no evidence to demonstrate that Sprint's legitimate reason for terminating Anthony's employment was pretextual.

Anthony timely filed objections to the Report and Recommendation, and the district court issued a lengthy opinion reflecting exhaustive de novo review of those objections, which the district court characterized as "unclear and confused." Noting that Anthony had not objected to the magistrate judge's recommendation regarding the FMLA claims, the district court held that the objections were without merit, and that Sprint was entitled to summary judgment on the ADA claims.

Anthony urges on appeal that the district court erred in its disposition of the ADA claims and in its conclusion that Anthony did not object to the magistrate judge's disposition of the FMLA claims. After carefully reviewing the record, the applicable law, the parties' briefs and counsels' arguments, we find no reversible error in the district court's opinion and order. We agree that Anthony failed to preserve any objection to the magistrate judge's recommendation that summary judgment be granted to Sprint on the FMLA claims, and, in any event, we find no error in that recommendation. As the opinion of the district court and the report and recommendation of the magistrate judge carefully and correctly set out the law governing the issues raised, and clearly articulate the reasons underlying the decisions, issuance of a full written opinion by this court would serve no useful purpose. Accordingly, for the reasons stated in the district court's opinion and the magistrate judge's report and recommendation, we AFFIRM.